**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

D.M., by and through his Next Friend, DOMINIQUE MAHAN,

Plaintiff,

v.

CASE NO: 26-cv
HON:

WENDY LABADIE, in her individual and official capacities, and GENESEE INTERMEDIATE SCHOOL DISTRICT,

Defendants.


| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |


THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

# COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **D.M., by and through his Next Friend, DOMINIQUE MAHAN**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff and his Next Friend are residents of the County of Genesee, State of Michigan.

2. Defendant WENDY LABADIE is and/or was a school bus driver employed by and/or assigned to Genesee Intermediate School District at all relevant times mentioned herein, and was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

3. Defendant GENESEE INTERMEDIATE SCHOOL DISTRICT ("GISD") is a Michigan public school district and/or governmental subdivision organized and existing under the laws of the State of Michigan.

4. All events giving rise to this lawsuit occurred in the County of Genesee, State of Michigan.

5. This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourteenth Amendment's Due Process Clause to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights], and venue is proper under 28 U.S.C. § 1391(b).

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. At the time of the subject incident, Plaintiff D.M. was a six-year-old special-needs student attending Marion Crouse Instructional Center ("MCIC"), a Genesee Intermediate School District facility serving a mixed population of non-typical students.

10. On or about October 14, 2024, Plaintiff was a passenger on GISD Bus 48-20, being transported from his home to MCIC.

11. At approximately 8:13 a.m., Defendant LABADIE, the bus driver, restrained six-year-old Plaintiff by his right leg, wrapping a seatbelt around his lower leg below the knee.

12. The improvised leg restraint remained in place for an extended period, continuing through the bus's arrival at MCIC and beyond.

13. The bus aide present on the bus questioned the appropriateness of restraining the child's leg; Defendant LABADIE responded, "No, it's ok he can get out," and directed the aide to move to the rear of the bus, away from Plaintiff.

14. At approximately 8:24 a.m., the aide or another party stated, "We're going to have to remove it," to which Defendant LABADIE responded, "No! You're not going to undo it."

15. The aide did not physically intervene to remove the restraint because of Defendant LABADIE's aggressive demeanor; instead, she photographed Plaintiff's leg and reported the incident to a GISD safety trainer.

16. The investigating officers who reviewed the bus video and interviewed witnesses described Defendant LABADIE as "very terse," speaking "in a harsh and unprofessional manner" toward the aide and/or Plaintiff.

17. At the time of the restraint, Plaintiff was a six-year-old child who was not committing any crime, did not pose a danger to himself, Defendant LABADIE, or anyone else, and the restraint of his leg was not a response to any threat or safety emergency.

18. As a direct and proximate result of Defendant LABADIE's conduct, Plaintiff suffered bruising to his right leg as well as emotional and psychological harm, fright, humiliation, and indignity appropriate to a vulnerable six-year-old special-needs child.

19. As a result of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiff suffered significant injuries and damages, including but not limited to physical bruising and emotional/psychological trauma.

## COUNT I
## 42 U.S.C. § 1983
## VIOLATION OF THE FOURTEENTH AMENDMENT — SUBSTANTIVE DUE PROCESS (EXCESSIVE FORCE / BODILY INTEGRITY)
## DEFENDANT LABADIE

20. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

21. The Fourteenth Amendment's Due Process Clause protects a child's liberty interest in personal/bodily integrity and security while in the custody and care of a school employee during school transportation.

22. At all relevant times herein, Defendant LABADIE acted under color of law, within the scope and course of her employment as a GISD bus driver, and in her official and individual capacities.

23. Defendant LABADIE's restraint of six-year-old Plaintiff's leg with a seatbelt, maintained over an extended period despite the aide's objection and Plaintiff posing no danger or threat, constituted force that was excessive, disproportionate to any legitimate need, and not a good-faith effort to maintain order or safety.

24. Defendant LABADIE's actions and/or inactions were arbitrary, malicious, and/or conscience-shocking.

25. Plaintiff's right to be free from such conscience-shocking, excessive physical restraint by a school employee was clearly established at the time of the incident.

26. Defendant LABADIE acted under color of law and is not entitled to qualified immunity because she violated Plaintiff's clearly established Fourteenth Amendment substantive due process rights.

27. As a direct and proximate result of Defendant LABADIE's violation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages described above, including bruising, fright, humiliation, and emotional/psychological harm.

28. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant LABADIE, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant LABADIE in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## CONSTITUTIONAL VIOLATIONS — MONELL
## DEFENDANT GENESEE INTERMEDIATE SCHOOL DISTRICT

29. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30. Defendant GENESEE INTERMEDIATE SCHOOL DISTRICT acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

31. These customs and/or policies and/or practices included, but were not limited to, the following:

a. Failing to adopt and/or implement adequate policies governing the physical restraint of students, particularly special-needs and/or disabled children, during school bus transportation;

b. Failing to adequately train and/or supervise its bus drivers regarding permissible methods of restraining or securing students and the limits on the use of physical force against students in their care;

c. Failing to adequately train and/or supervise its bus drivers and bus aides in de-escalation techniques and appropriate responses to behavioral or safety concerns involving students;

d. Failing to adequately train and/or supervise its bus drivers and bus aides in interacting with students and/or children suffering mental, emotional, psychological, and/or developmental disabilities, including students at facilities such as MCIC;

e. Failing to develop, implement, train its employees in, and/or supervise its employees regarding, adequate policies, customs, and/or procedures governing drivers' and aides' interactions with disabled and/or special-needs students during transportation;

f. Failing to supervise, review, and/or discipline bus drivers and other transportation employees whom Defendant GISD knew or should have known were violating or were prone to violate students' constitutional rights, thereby permitting and/or encouraging such employees to engage in such conduct;

g. Failing to adequately screen its bus drivers and transportation employees prior to hiring and/or retention, which would have led reasonable decision-makers for Defendant GISD to conclude that the plainly obvious consequence of hiring and/or retaining certain employees would be the deprivation of students' federally protected constitutional rights, and that Defendant GISD knew, or should have

known, that such employees were highly likely to inflict the particular type of injuries suffered by Plaintiff; and

h. Failing to equip its bus drivers and bus aides with the specific tools, equipment, and protocols needed to handle recurring situations involving vulnerable and/or special-needs students during transportation.

32. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

33. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

34. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendant GISD in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:**/s/ Jonathan A. Abent________**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

Dated: October 15, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

D.M., by and through his Next Friend, DOMINIQUE MAHAN,

Plaintiff,

v.

CASE NO: 26-cv
HON:

WENDY LABADIE, in her individual and official capacities, and the GENESEE INTERMEDIATE SCHOOL DISTRICT,

Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **D.M., by and through his Next Friend, DOMINIQUE MAHAN**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:**/s/ Jonathan A. Abent**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

Dated: October 15, 2026